United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60671
Summary Calendar

MASOUD YADEGAR,

Petitioner,

versus

ALBERTO R. GONZALES, U. S. ATTORNEY GENERAL,

Respondent.

--------------------

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 588 417

--------------------

Before REAVLEY, HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Masoud Yadegar, a native and citizen of Iran, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ) decision to deny his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The petition is DENIED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The BIA's order dismissing Yadegar's appeal expressly adopted and affirmed the IJ's finding that Yadegar was not a credible witness. Although our review ordinarily is limited to the BIA's decision, when the BIA adopts the decision of the IJ, this court may review the IJ's decision. See Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). Because the BIA adopted the IJ's credibility finding without stating additional reasons, we review the IJ's decision.

The IJ must determine the credibility of witnesses. Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994). This court does not substitute its judgment for that of the IJ or BIA with respect to witness credibility and the ultimate factual findings based on credibility determinations. Chun, 40 F.3d at 78. When a finding regarding credibility is based on "a reasonable interpretation of the record and therefore supported by substantial evidence," it will be upheld. Id. at 79. "[A] credibility determination may not be overturned unless the record compels it." Lopez De Jesus v. INS, 312 F.3d 155, 161 (5th Cir. 2002) (citing Chun, 40 F.3d at 78)).

In addition to arguing the merits of his claims for asylum, withholding of removal, and protection under the CAT, Yadegar challenges the IJ's finding that he was not a credible witness. The IJ's credibility finding is amply supported by the record. See Chun, 40 F.3d at 79. The record thus does not compel a credibility determination contrary to that of the IJ. See Lopez

<u>De Jesus</u>, 312 F.3d at 161. Because the credibility determination is supported by substantial evidence, Yadegar's petition for review of the BIA's order is DENIED.